GEORGE HOLMES, JR., ADMINISTRATOR, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

FILED APRIL 5, 1905. No. 13,968.

1. **Contributory Negligence.** By negligently or voluntarily exposing himself to known dangers, one does not assume responsibility for others which are not known and by the exercise of ordinary prudence would not be discovered.

2. **Question for Jury.** From an examination of the record the court is of the opinion that the question of contributory negligence was improperly withdrawn from the jury.

ERROR to the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Reversed.*

*George W. Cooper* and *Martin Neilan,* for plaintiff in error.

*M. A. Low, W. F. Evans* and *Woolworth & McHugh, contra.*

AMES, C.

The facts out of which this case arose are stated fully and at length in a former opinion, *Chicago, R. I. & P. R. Co. v. Holmes,* 68 Neb. 826. The errors because of which the former judgment was reversed were avoided on the second trial, but there was additional evidence on the part of the company to the effect that, at and long prior to the time of the happening of the accident, it was and had been

customary in the yards, which were the scene of the casualty, for the persons performing the particular services in which the deceased lost his life to cause the cars to separate from 30 to 60 feet before going between them. It is argued that the deceased knew of this custom, the observance of which was essential to the exercise of reasonable care on his part, and that he had absolute command of the movements of the engine by which the cars might have been thus separated, but that nevertheless he went between them when, by his own direction, they were not separated more than four or six feet, knowing that the cars of the Union Pacific company were liable to be put in motion by a slight jar and to come together in consequence of their own gravity. Influenced by these considerations, the trial court instructed a verdict for the defendant on the sole ground that the deceased was guilty of contributory negligence. This instruction assumes, or rather is predicated upon, actionable negligence on the part of the defendant company, so that the sole question is whether the evidence discloses, without dispute, that the conduct of the deceased was such as to prove beyond reasonable controversy that he knew, or by the exercise of ordinary vigilance would have known, that the defendant was likely, negligently or otherwise, to give the cars of the Union Pacific such an impulse as would put them in motion, and, having that knowledge, was careless of his own safety from that danger.

In the present aspect of the case it is immaterial what risks the deceased incurred from the cars and appliances of the Union Pacific company and the forces connected therewith, with which alone he had immediately to deal. It is admitted by the present state of the record that he did not come to his death by reason of the uninfluenced movement or operation of any of these things, and it is entirely clear that if he had done so the defendant would not have been liable in damages on account thereof. So that, after all, the real and sole questions ultimately to be decided in the case are, was the defendant guilty of negli-

gence in "bumping" the cars of the Union Pacific company, and was the deceased, in view of his knowledge, if he had knowledge, of the greater or less probability of such "bumping," guilty of negligently contributing to its consequences? Now as to whether the defendant put the cars of the Union Pacific company in motion by the impact of its own train before or after the crushing of the deceased, and as to whether, if it did so, the act was negligent on its part, and as to whether the happening of such an event was, or should have been, within the reasonable anticipation of the deceased, and as to whether, therefore, he omitted with respect to it the precautions of a reasonably prudent man, are all questions of fact about which there is, in our opinion, sufficient conflict in the evidence to require them to be left to a jury. We are not called upon to investigate the relations of the deceased with his employer or his duty toward the latter, nor the risks he assumed, negligently or otherwise, in the conduct of its business. Yet, as its appears to us, these were the principal if not the only matters which the court had in mind in giving the instruction complained of, and to which the jury presumably supposed their attention was directed thereby.

We therefore recommend that the judgment of the district court be reversed and a new trial granted.

Letton and Oldham, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial granted.

REVERSED.